Robert Penchina
Katharine Larsen
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
321 West 44th Street, Suite 510
New York, NY 10036
(212) 850-6100

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS INC., : | |
| d/b/a CONDÉ NAST PUBLICATIONS, : | Case No. 09 CV 10257 JGK |
| : | |
| Plaintiff, : | |
| v.              : | **ECF Case** |
| JOHN DOES 1 - 5, : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

# MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION
# FOR ORDER AUTHORIZING IMMEDIATE DISCOVERY

## INTRODUCTION

Plaintiff Advance Magazine Publishers Inc., d/b/a Condé Nast Publications ("Condé Nast"), by its attorneys and pursuant to Federal Rules of Civil Procedure 26(d) and 45 and the Declaration of Robert E. Pick, seeks leave to serve immediate discovery on a third-party Internet Service Provider ("ISP") and a certain website operator in order to determine the true identity of Defendant John Does 1 - 5 (collectively, "Defendants"), who are being sued for direct copyright infringement, contributory copyright infringement, and violations of the Computer Fraud and Abuse Act. Without this discovery, Condé Nast will most likely be precluded from identifying Defendants and thus prevented from seeking any redress for Defendants' unauthorized access to

Condé Nast's computers and their knowing, intentional and willful infringement of Condé Nast's copyright rights.

As alleged in the Complaint, John Doe 1, possibly together with John Does 2 – 5,[1] obtained unauthorized access to the directories on Condé Nast computers, made unauthorized copies of numerous copyrighted files (the "Condé Nast Content") – pages from Condé Nast publications – which s/he or they then distributed through and displayed on the Internet, thus infringing Condé Nast's copyright rights and inducing and causing infringement of those rights by third parties.  On each occasion, Defendants accessed the Condé Nast Content on the Condé Nast computers, and at the specific dates and times listed in Exhibit A to the Complaint, Defendants were assigned to the following IP address, 75.22.113.131, which resolves to a DSL service provided by AT&T.  *See* Declaration of Robert E. Pick ("Pick Decl.") ¶¶ 6, 14.  Given its subscription agreement with Defendants, AT&T most likely has in its possession documents and electronic records that may be used to identify Defendants.

Among the other files accessed and copied, Defendants also accessed and copied numerous pages of editorial content and photographs from the December 2009 issue of *GQ* (the "*GQ* Content").  In November 2009, Defendants created a blog called FashionZag, located at http://fashionzag.blogspot.com.  On November 12, 2009, Defendants reproduced and posted copies of *GQ* Content, specifically, copies of the five alternative covers for the December 2009 issue of *GQ*, to a photo-hosting site called ImageBam.com, which allowed the *GQ* Content to be displayed by means of a link on the FashionZag blog.  *See* Compl. ¶ 16.

---

[1]  At this time, Condé Nast does not know whether the acts complained of were committed by a single unknown individual (*i.e.*, John Doe 1) or by multiple unknown persons (*i.e.*, John Does 1 – 5).  Hereinafter, John Does 1 – 5 are referred to collectively as "Defendants."

On November 14, 2009 – the day after ImageBam.com blocked access to the infringing covers in response to a "takedown notice" submitted by Condé Nast pursuant to the procedures specified in the Digital Millennium Copyright Act ("DMCA") – Defendants made additional unauthorized postings of *GQ* Content consisting of the substantial entirety of the still as yet unpublished editorial content from the December 2009 issue of *GQ*, in both thumbnail and full-size images.  Defendants mischievously presented these postings on the FashionZag blog under the heading "GQ December 2009:  The Rest of [I]t."  *See* Compl. ¶ 18.

The FashionZag blog is hosted by Blogger, a service offered by Google.  Pick Decl. ¶ 15.  Given its registration and user data, Google most likely has in its possession documents and electronic records that may be used to identify Defendants.

The timing of this initial discovery is of the utmost importance.  An Internet service provider ("ISP") can typically identify the name, address, and other identifying data about a subscriber when provided with the IP address and the date and time of the use of that address because that information is contained in the ISP's subscriber activity logs.  Pick Decl. ¶ 14.  However, ISPs do not maintain such logs indefinitely, and they may purge or overwrite this data after a certain period of time, such as a few days or months.  *Id.* at ¶ 16.  It is equally possible that Google will purge or overwrite its registration or user data at regular intervals.  *Id.*  Thus, although Condé Nast has identified the ISP that provided Internet access to Defendants during their illegal acts and has identified the website where illegal copies of its copyrighted works were publicly displayed, it will most likely be unable to seek any remedy for this conduct unless authorized to seek immediate discovery to preserve and obtain information regarding Defendants' identities.

Accordingly, Condé Nast seeks leave to serve immediate discovery (1) on AT&T to obtain documents and other electronically-stored information that may be used to identify Defendants, including those that show the names, current addresses, permanent addresses, telephone numbers, e-mail addresses, and the Media Access Control ("MAC") addresses of their computer hardware and (2) on Google to obtain documents and other electronically-stored information that may be used to identify Defendants, including those that show the names, current addresses, permanent addresses, telephone numbers, e-mail addresses, IP addresses, and the Media Access Control ("MAC") addresses of their computer hardware.

## ARGUMENT

### I.  Expedited Discovery Is Commonly Granted In Doe Defendant Actions.

In this and other federal circuits, courts regularly authorize pre-Rule 26(f) discovery to obtain the identities of John Doe defendants. *See Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (vacating dismissal and remanding action where court failed to allow *pro se* plaintiff to conduct discovery to discover full name of defendant); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants") (internal citation, quotation marks and alterations omitted); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Rather than dismissing the claim, the court should have ordered disclosure of the [Doe defendant's] identity").

In fact, district courts are now routinely authorizing expedited discovery in copyright infringement cases brought by record companies against Doe defendants who have engaged in the downloading and sharing of music files over the Internet. *See, e.g.*, *LaFace Records, LLC v. Does 1-5*, No. 2:07-CV-187, 2007 WL 2867351, *2 (W.D. Mich. Sept. 27, 2007) (agreeing "that

discovery to allow the identity of 'Doe' defendants is 'routine'"); *see also* Order, *Arista Records LLC v. Does 1-16*, No. 1:08-cv-765 (NPM/RFT) (N.D.N.Y. July 22, 2008) (attached hereto as Exhibit A); Order Granting Plaintiffs' Ex Parte Application To Take Immediate Discovery, *Capital Records, Inc. v. Does 1-250*, No. 04 CV 472 (LAK)(HBP) (S.D.N.Y. Jan. 26, 2004) (attached hereto as Exhibit B).

## II.     Condé Nast Has Demonstrated Good Cause For Expedited Discovery

Pursuant to Federal Rule of Civil Procedure 26(d) expedited discovery may be ordered where a party demonstrates "good cause" therefore. *See Monsanto Co. v. Woods*, No. 4:08-CV-00137-CEJ, 2008 WL 821717, at *2 (E.D. Mo. Mar. 25, 2008) (granting plaintiffs' *ex parte* motion for expedited discovery after plaintiff demonstrated good cause therefore); *LaFace Records, LLC*, 2007 WL 2867351, at *1-2 (applying good cause standard); FED. R. CIV. P. 26(d). In evaluating whether good cause has been demonstrated, courts typically consider whether copyright infringement or another cause of action has been properly alleged, whether there exists a danger that the information sought may be lost, whether the scope of information is tailored to advance the lawsuit, and whether immediate discovery will substantially contribute to moving the case forward. *See, e.g., Capital Records, Inc. v. Doe*, No. 07-CV-1570-JM (POR), 2007 WL 2429830, at *1-2 (S.D. Cal. Aug. 24, 2007); *LaFace Records, LLC*, 2007 WL 2867351, at *1-2.

Here, all four of these factors support the authorization of expedited discovery. First, in its Complaint, Condé Nast has alleged facts constituting and claims asserting copyright infringement, contributory copyright infringement, and violations of the Computer Fraud and Abuse Act. Compl. at ¶¶ 28-44; *see, e.g., Interscope Records v. Does 1-14*, No. 5:07-4107-RDR, 2007 WL 2900210, at *1-2 (D. Kan. Oct. 1, 2007) (finding good cause where allegations of copyright infringement were made). Indeed, as the Second Circuit has recognized, in "a

copyright infringement case, once a *prima facie* case of infringement has been demonstrated, irreparable harm is normally presumed." *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 66 (2d Cir. 1996).  Such harm should also be presumed here.

Second, there exists a very real risk that, with the passage of time, information held by third parties regarding the identities of Defendants will be lost, overwritten or purged.  Pick Decl., ¶ 16; *Interscope Records*, 2007 WL 2900210, at *1 (explaining that "[b]ecause the 'logs' which identify the alleged infringers could be erased within mere days, the physical evidence of the alleged infringers' identity and incidents of infringement could be destroyed to the disadvantage of plaintiffs.").

Third, the discovery sought here is limited to that necessary to obtain Defendants' identities, as it includes only documents leading to Defendants' names, current addresses, permanent addresses, telephone numbers, e-mail addresses, additional IP addresses, and the MAC addresses of their computer hardware.

Last, authorization for expedited discovery will clearly move this case forward without causing any prejudice to Defendants.  The discovery requests are specifically designed to allow Condé Nast to amend the Complaint with Defendants' real names, to serve this pleading on them, and to remove any other obstacles to the progress of this matter.  In fact, if immediate discovery is not authorized, this action will remain at a standstill, and Condé Nast may very well be denied its right to seek redress for injuries inflicted upon it by Defendants.  *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 4 (D.D.C. 2008) (explaining that expedited discovery was granted on the basis that "'Defendants must be identified before this suit can progress further'") (citation omitted); *cf. Best W. Int'l, Inc. v. Doe*, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *3 (D. Ariz. July 25, 2006) ("Those who suffer damages as a result of

tortious or other actionable communications on the Internet should be able to seek appropriate redress by preventing the wrong-doers from hiding behind an illusory shield of [legal] rights") (citation and internal quotation marks omitted).

Additionally, the discovery of Defendants' identities through the requested subpoenas will not prejudice Defendants in that they have no expectation of privacy with regard to the information sought. Specifically, the AT&T and Google privacy policies make clear that this information is collected and will be provided in response to a court order. *See* AT&T Privacy Policy, *available at* http://www.att.com/Common/about_us/privacy_policy/print_policy.html and attached hereto as Exhibit C (stating that AT&T "may provide Personal Information [including "Contact Information," "Billing Information," and "Equipment, Performance, AT&T Web Site Usage, Viewing and other Technical Information"] to non-AT&T companies or other third parties for purposes such as . . . [c]omplying with court orders and other legal process"); Google Privacy Policy, *available at* http://www.google.com/privacypolicy.html and attached hereto as Exhibit D (stating that Google "shares personal information with other companies or individuals outside of Google [when it has] a good faith belief that access, use, preservation or disclosure of such information is reasonably necessary to [*inter alia*] satisfy any applicable law, regulation, legal process . . .").

Accordingly, because Condé Nast has demonstrated good cause for the present application, expedited discovery should be authorized.

## CONCLUSION

For the reasons stated above, Condé Nast submits that the Court should grant its application and authorize Condé Nast to serve immediate discovery on a third-party ISP and a website operator in order to determine the identities of Defendants John Does 1 - 5.

Dated: New York, New York
December 18, 2009

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By:    s/Robert Penchina
Robert Penchina
Katharine Larsen

321 West 44th Street, Suite 510
New York, NY 10036
rpenchina@lskslaw.com
(212) 850-6100

*Attorneys for Plaintiff Advance Magazine Publishers Inc., d/b/a Condé Nast Publications*

Of Counsel:
Jerry S. Birenz, Esq.
Sabin, Bermant & Gould LLP
Four Times Square
New York, N. Y. 10036-6526
(212) 381-7057

- 8 -