IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x

ADVANCE MAGAZINE PUBLISHERS INC., :
d/b/a CONDÉ NAST PUBLICATIONS, : Case No. 09 CV _____
:
Plaintiff, :
v. : **ECF Case**
JOHN DOES 1 - 5, :
Defendants. :

------------------------------------------------- x

## DECLARATION OF ROBERT E. PICK IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER AUTHORIZING IMMEDIATE DISCOVERY

Pursuant to 28 U.S.C. § 1746, Robert E. Pick hereby declares as follows:

1. I am Executive Director of Internet and Infrastructure Services with Plaintiff Advance Magazine Publishers Inc., d/b/a Condé Nast Publications ("Condé Nast"). In this capacity, I oversee the provision of all enterprise IT infrastructure and data center services, including IT security and identity management.

2. I have personal knowledge of the facts set forth herein and would be competent to testify to them at trial in this action.

3. In November 2009, I determined that at least one unknown individual ("John Doe 1"), and possibly others ("John Does 2 – 5"), obtained a user identity and password issued to a third party, and that s/he or they employed this user identity and password to obtain unauthorized access to the directories on Condé Nast computers where copyrighted Condé Nast files (the "Condé Nast Content") are stored. The content of the files consist primarily of unpublished and

published content from Condé Nast publications such as *GQ* and *Vanity Fair* magazines, among others.

4. Our server records show that John Doe 1 or possibly John Does 2 - 5 used the third-party identity and password to download and copy over 1100 Condé Nast files.

5. Our server records further show that, on each occasion that John Doe 1 or possibly John Does 2 - 5 accessed the Condé Nast Content on the Condé Nast computers, s/he or they were assigned to the following unique IP address: 75.22.113.131.

6. Among other files, John Doe 1 or possibly John Does 2 - 5 accessed and copied numerous pages of editorial content and photographs from the then unpublished December 2009 issue of *GQ* (the "*GQ* Content").

7. On November 12, 2009, our staff's online searches revealed that *GQ* Content – matching that which was obtained by John Doe 1 or possibly John Does 2 - 5 from Condé Nast computers – was posted to a photo-hosting site called ImageBam.com, which allowed the *GQ* Content to be displayed by means of a link on a blog called FashionZag, located at http://fashionzag.blogspot.com. The content included both thumbnail and full-size images of five alternative covers for the December 2009 issue of *GQ*.

8. On November 12, 2009, Condé Nast directed its attorneys to send a Digital Millennium Copyright Act (DMCA) takedown notice to ImageBam.com, which blocked access to the infringing covers the next day.

9. On November 14, 2009, additional GQ content identical to that obtained by John Doe 1 or possibly John Does 2 - 5 from Condé Nast computers, including the entirety of the December 2009 issue of GQ, which was unpublished at that point in time, was posted at

http://fashionzag.blogspot.com/2009/11/gg-december-2009-rest-of-it.html in both thumbnail and full-sized images.

10. The *GQ* Content obtained by John Doe 1 or possibly John Does 2 - 5 and posted to the Internet, including that displayed on the FashionZag blog, is identical to the digital images that reside on the Condé Nast computers, with the same editorial notations and absent the elements of a scanned paper copy, such as a seam in the middle of a double-page image. It is therefore my belief that the content posted online was taken directly from Condé Nast computers and not from any print source.

11. Our staff's online searches also found copies of the *GQ* Content on a website called BAYIMG, located at http://bayimg.com, as well as on numerous other third-party websites, from which others are able to download unauthorized copies for further distribution and display. Each of the images found on these sites carries the designation "fashionzag.blogspot.com."

12. Our staff also located copies of additional Condé Nast Content unlawfully obtained by John Doe 1 or possibly John Does 2 – 5 from Condé Nast's computers, which was provided and posted on other websites. This content includes, *inter alia*, pages from the December 2009 issue of *Vogue*, pages from the December 2009 issue of *Lucky*, and the cover of the December 2009 issue of *Teen Vogue*.

13. John Doe 1's or possibly John Does 2 - 5's apparent reproduction, distribution, display, and other use of Condé Nast's copyrighted content was in each instance without the consent or authorization of Condé Nast.

14. Using basic technological tools, our staff was able to trace John Doe 1's or possibly John Does 2 - 5's IP address to a DSL service provided by AT&T, but was unable to

obtain any additional identifying information. We understand that AT&T, as the Internet service provider ("ISP"), can typically identify the name, address, and other identifying data about a subscriber when provided with the IP address and the date and time of the use of that address because that information is contained in the ISP's subscriber activity logs.

15. Additionally, we understand that Google, as the operator of the Blogger service hosting the FashionZag blog, can typically provide registration and other data about its users, data which can lead to the identification of those users.

16. It is common knowledge that ISPs like AT&T and website operators like Google do not maintain such logs indefinitely that and they may purge or overwrite this data after a certain period of time, such as a few days or months.

17. As a result of John Doe 1's or possibly John Does 2 - 5's actions, Condé Nast has sustained and is continuing to suffer irreparable harm, including harm flowing from the abridgement of its right to control the use of its unpublished and published creative works, as well as financial losses, including lost revenue.

18. Subsequent to the above described events and actions, John Doe 1 or possibly John Does 2-5 continued to access to Condé Nast's computers on an unauthorized basis, accessing and downloading content which may be reproduced, distributed and displayed without the consent or authorization of Condé Nast.

I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: December 10, 2009
Wilmington, Delaware

_____
Robert E. Pick